**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN RAUL NUILA-CHAVEZ, | No. 06-73681 |
| Petitioner, | Agency No. A091-514-613 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 23, 2010[**]

Before:     LEAVY, HAWKINS, and THOMAS, Circuit Judges.

Juan Raul Nuila-Chavez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's removal order.  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo questions of law and constitutional claims, *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009), and we deny the petition for review.

Nuila-Chavez does not challenge the agency's determination that he is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) based on his 1991 conviction for lewd or lascivious acts with a child under 14 years of age in violation of California Penal Code § 288(a).

The agency determined that Nulia-Chavez is ineligible for relief under former section 212(c), 8 U.S.C. § 1182(c) (repealed 1996), because his ground of removability lacks a statutory counterpart in a ground of inadmissibility. *See* 8 C.F.R. § 1212.3(f)(5). Nuila-Chavez's retroactivity and equal protection challenges to this determination are unavailing. *See Abebe v. Mukasey*, 554 F.3d 1203, 1207 & 1208 n.7 (9th Cir. 2009) (en banc); *see also Aragon-Ayon v. INS*, 206 F.3d 847, 853 (9th Cir. 2000) ("We are satisfied that Congress intended the 1996 amendments to make the aggravated felony definition apply retroactively to all defined offenses whenever committed.").

**PETITION FOR REVIEW DENIED.**